No. 2-17-0739
Order filed March 25, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-681 |
| ANGEL GALLEGOS-ORTIZ, | ) ) ) | Honorable Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices McLaren and Zenoff concurred in the judgment.

**ORDER**

¶ 1  *Held*:  The trial court did not abuse its discretion in barring evidence under the rape-shield statute: defendant failed to present a detailed and specific offer of proof to support his theory that the nine-year-old victim had acquired certain sexual knowledge from prior acts of abuse; thus, the victim's history would not have made a meaningful contribution to this case.

¶ 2  Defendant, Angel Gallegos-Ortiz, appeals his conviction of three counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40 (a)(1) (West 2014)). He contends that the trial court erred when it barred evidence under section 115-7 of the Code of Criminal Procedure

of 1963 (Code) (725 ILCS 5/115-7 (West 2014) (the rape-shield statute)) of the victim's knowledge of sexual acts. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4       On July 29, 2015, defendant was indicted on multiple charges of predatory criminal sexual assault of a child and aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2014)) in connection with allegations made by the victim, N.T., who was nine years old at the time of the offenses. Before trial, the State moved to admit hearsay statements of N.T. and exclude evidence under the rape-shield statute of prior sexual abuse of N.T. by the husband of an unknown babysitter.

¶ 5       At a hearing on the motions, N.T.'s mother, Gloria, testified that N.T. told her that defendant, who was Gloria's boyfriend at the time, "was doing bad things." N.T. said that defendant was putting "a part of his body in her behind," that something white in color came out, and that defendant had stained her underwear with something white. Gloria then took N.T. and the underwear to the hospital. Transcripts of investigative interviews with N.T. were admitted into evidence. In those, N.T. told the investigator that, years before, she used to go to a babysitter that was like "grandma" and that "the grandpa" touched her on her butt one time. She stated that he did the "same thing" that defendant had done and indicated that his penis either touched or slightly penetrated her. Nothing came out of his penis. N.T. did not remember what grade she was in or if she was in school when it happened, and she did not know the man's name.

¶ 6       Defendant did not make an offer of proof to add further details to the testimony. The trial court granted the motion to exclude the evidence subject to a motion to reconsider at trial, stating that it anticipated that the matter could be reopened during trial testimony.

¶ 7    In October 2017, a jury trial was held. Gloria testified consistently with her testimony at the hearing on the motion *in limine.* N.T. told a nurse that she was having pain going to the bathroom, specifically with "number two," and that defendant had "put his privates in her behind" a couple of days prior. N.T. said that it was not the first time it had happened. Vaginal and anal exams showed a bluish discoloration on N.T.'s right thigh and mild redness around the vaginal opening, but no injuries. No semen was found on vaginal, oral, or anal swabs. A semen stain that matched defendant's DNA profile was found on N.T.'s underwear.

¶ 8    Redacted versions of the investigative interviews were played for the jury. N.T.'s statements to the investigator that she had learned "what girls and boys do" from talking to classmates on a school bus were not redacted. N.T. indicated knowledge of what defendant did from that experience. Defendant did not ask the trial court to reconsider its previous ruling barring testimony about sexual abuse by "the grandpa."

¶ 9    N.T. testified about defendant's abuse, stating that he "stuck his private part into my butt" and describing that as "the hole where the poop comes out." She stated that defendant moved back and forth and that it felt weird. She also stated that something came out that looked like rice water, that she could feel it on her butt, and that it got on her underwear. N.T. also testified about additional instances of similar abuse by defendant. Defendant testified and denied the allegations. The State did not argue in closing that N.T. could not have learned about anal sex or other sexual acts from anyone else. Defense counsel argued in part that she might have learned about such topics from other children on the school bus.

¶ 10    Defendant's motion for a directed finding on the aggravated criminal sexual abuse charges was granted, and he was found guilty on the remaining charges. Defendant was sentenced to consecutive terms of seven years' incarceration on each count. Defendant moved to reconsider the

grant of the State's motions *in limine* but made no specific offer of proof at the hearing on the motion. The motion was denied, and he appeals.

¶ 11                                    II. ANALYSIS

¶ 12    Defendant contends that the trial court abused its discretion in granting the State's motion to exclude evidence of N.T.'s prior abuse. He argues that it deprived him of his constitutional right to present a defense because it could show that N.T. had knowledge of sexual matters from a source other than abuse by defendant.  The State argues that the trial court did not abuse its discretion and that defendant forfeited the issue by failing to make an offer of proof.

¶ 13    The rape shield statute provides that, in a prosecution for criminal sexual assault:

> "the prior sexual activity or the reputation of the alleged victim or corroborating witness *** is inadmissible except (1) as evidence concerning the past sexual conduct of the alleged victim or corroborating witness under Section 115-7.3 of this Code with the accused when this evidence is offered by the accused upon the issue of whether the alleged victim or corroborating witness under Section 115-7.3 of this Code consented to the sexual conduct with respect to which the offense is alleged; or (2) when constitutionally required to be admitted." 725 ILCS 5/115-7(a) (West 2014).

Thus, under an exception written into section 115-7, prior sexual activity of the alleged victim is admissible if the admission of such evidence is " 'constitutionally required.' " *People v. Maxwell*, 2011 IL App (4th) 100434, ¶ 74 (quoting 725 ILCS 5/115-7(a) (West 2010)). The due-process clause of the fourteenth amendment (U.S. Const., amend. XIV) and the confrontation clauses of the federal and state constitutions (U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8) guarantee criminal defendants "a meaningful opportunity to present a complete defense." (Internal quotation marks omitted.) *People v. Santos*, 211 Ill. 2d 395, 412 (2004). Under this exception, the defendant

must be permitted to offer evidence that is directly relevant to matters at issue in the case, notwithstanding that it concerns the victim's prior sexual activity. *People v. Johnson*, 2014 IL App (2d) 121004, ¶ 42.

¶ 14    However, a victim's sexual history is not required to be admitted unless it would make a meaningful contribution to the fact-finding enterprise. *Id.* "The policy underlying the rape shield statute is to prevent the defendant from harassing and humiliating the complaining witness with evidence of either her reputation for chastity or unchastity, or specific acts of sexual conduct with persons other than defendant, since such evidence has no bearing on whether she consented to sexual relations with the defendant." *People v. Lewis*, 2017 IL App (1st) 150070, ¶ 20. While evidence of a child's prior sexual conduct may be admissible to rebut the inferences that flow from a display of unique sexual knowledge, the exception is drawn narrowly, and the proof must be examined carefully before its admission. *People v. Hill*, 289 Ill. App. 3d 859, 864 (1997). "The rebuttal of inferences created by age-inappropriate sexual knowledge is not an open invitation to indiscriminately present prior episodes of sexual abuse." *Id.* "The prior sexual conduct must be sufficiently similar to defendant's alleged conduct to provide a relevant basis for its admission. It must engage the same sexual acts embodied in the child's testimony." *Id.* "Further, if the prior sexual conduct cannot fully rebut the knowledge displayed, if it fails to account for certain sexual details unique to the charged conduct, its admission should be precluded." *Id.* at 864-65. "Simply put, the prior sexual conduct must account for how the child could provide the testimony's sexual detail without having suffered defendant's alleged conduct." *Id.* at 865.

¶ 15    "The trial court's evidentiary rulings made under the rape shield statute are reviewed for an abuse of discretion." *People v. Bates*, 2018 IL App (4th) 160255, ¶ 60. "A trial court abuses its

discretion when it acts arbitrarily or when no reasonable person would take the view adopted by the trial court." *Id.*

¶ 16    In situations such as this, where the circuit court denies a defendant's attempt to introduce evidence under the rape shield statute, the defendant has the burden of providing an adequate offer of proof to the trial court. *People v. Patterson*, 2014 IL 115102, ¶¶ 118, 123; *People v. Grant*, 232 Ill. App. 3d 93, 103 (1992). Our supreme court has explained that "[t]o preserve a claim on appeal, a party is required to make 'considerably detailed and specific' offers of proof after a denial of a request to admit evidence if the substance of the witness's answer is unclear." *Patterson*, 2014 IL 115102, ¶ 118 (quoting *People v. Peeples*, 155 Ill.2d 422, 457 (1993)). A specific offer of proof is required where a defendant alleges that the victim engaged in similar sexual contact with a third party. *Grant*, 232 Ill. App. 3d at 103-05 (defendant sought to introduce evidence that victim had prior sexual relations with a boyfriend but did not put forth an adequate offer of proof with specific information regarding the date, time, or location of alleged sexual contact); *People v. Maxwell*, 2011 IL App (4th) 100434, ¶¶ 75-87. The rape-shield statute requires such details when the prior conduct occurred between the victim and the defendant, and no less is required when the defendant seeks to admit evidence of the victim's sexual contact with others. See *Grant*, 232 Ill. App. 3d at 104-05; 725 ILCS 5/115-7(b) (West 2014).

¶ 17    Here, the State disclosed evidence before trial that N.T. was previously abused and moved to exclude it. Defendant then failed to make an offer of proof. Defendant argues that he did not forfeit the issue because the State showed the evidence that it wished to introduce. But the State's evidence was lacking in detail, and defendant did nothing to show those requisite details. N.T.'s description of the prior abuse as "the same" was not "considerably detailed and specific." For example, while she indicated penetration may have occurred, she did not describe "the grandpa"

as moving back and forth or describe how that felt, and she said that, in the prior abuse, nothing came out of his penis. Her description of ejaculate was a unique piece of sexual knowledge in her allegations against defendant. N.T.'s memory of the prior abuse was also lacking in that she could not recall the abuser's name, the time, the date, or the specific location of the abuse. Thus, given the lack of specifics to show that the prior sexual conduct was sufficiently similar to defendant's alleged conduct, particularly in regard to unique sexual knowledge of anal sex and ejaculate, the trial court did not abuse its discretion when it excluded evidence of it.

¶ 18                                    III. CONCLUSION

¶ 19     The trial court did not abuse its discretion in excluding evidence of prior abuse. Accordingly, the judgment of the circuit court of Kane County is affirmed.

¶ 20     Affirmed.